Alexander L. Roots
Steve Reida
PLANALP, REIDA, ROOTS
 & RILEY, P.C.
27 N. Tracy Avenue
P.O. Box 1
Bozeman, MT 59771-0001
Telephone: (406) 586-4351
alex@planalplaw.com
steve@planalplaw.com

*Attorneys for McAlvain Civil Constructors, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| McALVAIN CIVIL CONSTRUCTORS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | Cause No. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, the Plaintiff, McAlvain Civil Constructors, Inc., and alleges as follows:

*Complaint for Declaratory Judgment - 1*

## PARTIES

1. Plaintiff McAlvain Civil Constructors, Inc. ("McAlvain") is a corporation organized under the laws of Idaho and authorized to conduct business in the state of Montana, with its principal place of business located at 5559 West Gowen Road, Boise, ID 83709.

2. The Cincinnati Insurance Company ("Cincinnati") is an insurance company authorized to conduct business in the State of Montana. Cincinnati is a corporation organized under the laws of Ohio, and its principal place of business is in Ohio.

3. Cincinnati issued to McAlvain Management, Inc. a commercial package policy, Policy No. CPP 0817745, with an effective date of July 1, 2007 to July 1, 2008 ("the Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**. Cincinnati renewed the Policy through July 1, 2012.

4. McAlvain Civil Constructors, Inc. was added as an additional insured under the Policy effective April 13, 2009.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 2201, *et seq*., and 28 U.S.C. § 1332.

6. Venue in this Court is proper as a substantial part of the events, acts and omissions giving rise to McAlvain's claim occurred in Gallatin County, Montana.

7. There is diversity of citizenship pursuant to 28 U.S.C. § 1332 because McAlvain is domiciled in Idaho and Cincinnati is domiciled in Ohio.

8. The amount in controversy herein exceeds $75,000.

## COMMON FACTS

9. On April 5, 2010, McAlvain and the City of Bozeman ("the City") entered into a construction contract for the construction of a municipal wastewater treatment facility in Gallatin County, Montana.

10. The wastewater treatment facility project generally included construction of a new 610,000-gallon anaerobic digester tank, a solids dewatering building, a screw press system and screw conveyor, an operations building, and a boiler system to be used in relation to the operations building, together with all associated mechanical, electrical, and controls.

11. On or about August 3, 2010, McAlvain entered into a subcontract with WyMont Construction, Inc., dba Headwater Lining, to provide and install a concrete embedment liner for the digester tank.

12. In 2012, the City first notified McAlvain that the City was rejecting the digester tank. The City demanded that McAlvain repair the digester so there were no visible leaks.

13. Thereafter, McAlvain tendered the City's claim to Cincinnati.

14. On June 6, 2013, Cincinnati sent McAlvain a "reservation of rights letter" in which it did not accept or deny coverage. On August 8, 2013, Cincinnati sent a letter denying coverage.

15. On July 20, 2016, the City sued McAlvain in the Montana Eighteenth Judicial District Court, Gallatin County, Montana. The City alleged that the digester tank is defective and failed to pass leakage tests, and was not constructed in a good and workmanlike manner or in accordance with industry standards. The case is captioned *City of Bozeman v. McAlvain Civil Constructors, Inc.*, Montana Eighteenth Judicial District Court Cause No. DV-16-552A ("the City's lawsuit").

16. On July 21, 2017 McAlvain tendered defense of the City's lawsuit to Cincinnati and requested indemnification from Cincinnati for damages that McAlvain may become legally obligated to pay to the City.

17. In a letter dated September 6, 2017, Cincinnati denied the tender of defense and request for indemnification.

18. Cincinnati's denial of McAlvain's tender of defense and request for indemnification is wrongful and contrary to Montana law.

19. The Policy provides that Cincinnati "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies," so long as that damage "is caused by an 'occurrence'. . .," and that Cincinnati will "defend the insured against any 'suit' seeking those damages." CGL Policy at § I.A.1.

20. The Policy defines "Property Damage" as "Physical injury to tangible property, including a resulting loss of use of that property;" or "Loss of use of tangible property that is not physically injured." CGL Policy at § V.20.(a)-(b).

21. The City's lawsuit alleges property damage that is covered under the Policy. Among other allegations, the City's lawsuit alleges that McAlvain breached its duty of care by "causing defects in the project." The "project" consisted of tangible property including the digester tank and accompanying buildings described in the City's Complaint.

22. The Policy also covers "all resulting loss of use of that property," which would include the increased operational expenses and diminished value of the completed digester tank alleged by the City.

23. Where the work of a subcontractor has allegedly damaged the work of the insured, Montana law provides that assertions of faulty workmanship are covered under CGL definitions of "property damage" and "occurrence."

24. Similarly, the "your work" exclusion to property damage is not applicable here because the damage arose from work performed by a subcontractor. Damage to "your work" is specifically covered under the policy where the damaged work arose from the work of the subcontractor.

25. McAlvain has provided Cincinnati with the details of the City's lawsuit against McAlvain, as well as information that work performed by McAlvain's subcontractor damaged the digester tank built by McAlvain.

26. McAlvain has been forced to file this lawsuit by reason of Cincinnati's wrongful refusal to defend or indemnify McAlvain.

27. McAlvain has incurred damages as a result of Cincinnati's wrongful refusal to defend or indemnify McAlvain.

28. The City's lawsuit against McAlvain is currently being litigated and McAlvain's damages continue to accrue. McAlvain is entitled to recover its post-tender defense costs and attorney fees incurred in the City's lawsuit.

### COUNT I: REQUEST FOR DECLARATORY JUDGMENT

29. McAlvain states the rights, duties, and legal relations of Cincinnati and McAlvain under the Policy are at issue.

30. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*, McAlvain is entitled to a declaration that Cincinnati owes a duty to defend McAlvain in the City's lawsuit. McAlvain is likewise entitled to a declaration that Cincinnati owes a duty to indemnify McAlvain for any judgment or settlement reached in the City's lawsuit.

31. As a result of Cincinnati's wrongful refusal to defend or indemnify McAlvain, Cincinnati has forfeited its right to contest coverage for claims asserted against McAlvain, including forfeiture of the right to contest a duty of indemnity.

32. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*, McAlvain is entitled to a declaration that Cincinnati must pay McAlvain all post-tender defense costs and attorney fees incurred in the City's lawsuit that were paid by McAlvain or paid on its behalf.

WHEREFORE, having asserted its Complaint for Declaratory Judgment against Defendant, The Cincinnati Insurance Company, McAlvain prays for relief as follows:

1. For a declaration that Cincinnati's denials of McAlvain's tenders of defense were wrongful and, therefore, that Cincinnati breached the duty to defend McAlvain in the City's lawsuit;

2.For a declaration that as a result of Cincinnati's wrongful denials of tender and other conduct, Cincinnati has forfeited its right to contest coverage for any and all claims against McAlvain in the City's lawsuit;

3.For a declaration that McAlvain is entitled to recover all post-tender attorney fees and defense costs incurred in the City's lawsuit and paid by McAlvain or paid on its behalf;

4.For a declaration awarding McAlvain its attorney fees and costs incurred in the current case, as may be allowed by Montana law or as may be allowed by the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*; and

5.For any further supplemental relief deemed equitable by the Court.

DATED this 13th day of November, 2017.

>PLANALP, REIDA, ROOTS
> & RILEY, P.C.
>
> /s/ Alexander L. Roots
>Alexander L. Roots
>27 N. Tracy Avenue
>P.O. Box 1
>Bozeman, MT 59771-0001
>alex@planalplaw.com

*Complaint for Declaratory Judgment - 8*